# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Brett Thomas Green,

                Plaintiff,

v.

Hearing Officer Michael Parks, and
Warden Michelle Smith,

                Defendants.

Civ. No. 14-0857 (ADM/BRT)

**REPORT AND
RECOMMENDATION**

---

Brett Thomas Green, MCF-Rush City, 7600 525th St., Rush City, MN 55069, *pro se* Plaintiff.

Margaret E. Jacot, Esq., Minnesota Attorney General's Office, counsel for Defendants.

---

Minnesota inmate Brett Thomas Green initiated this 42 U.S.C. § 1983 action in March 2014, claiming that he was denied procedural due process when, following a March 2012 prison disciplinary hearing, he was found guilty of setting a fire in his cell and ordered to pay $150 in restitution for damaged property.[1] (*See* Doc. No. 1, Compl. 4–5; Doc. No. 9, Am. Compl. 2–5; Doc. No. 37, First Aff. of Mary McComb ("First McComb Aff.") ¶¶ 10–12 & Ex. G.) In his amended complaint, which is the operative pleading in this case, Green maintains his March 2012 disciplinary proceedings were constitutionally inadequate because he only received a minor hearing, rather than a major

---

[1]     Green alleged other claims as well, but those claims were previously dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. (*See* Doc. No. 26, 5/19/15 Order.)

hearing where he could call witnesses and have video footage of the fire reviewed, and because no evidence of his guilt was otherwise presented.[2] (*See* Am. Compl. 3–4.) He seeks both the return of his $150 and compensatory damages against the officer who presided over his minor disciplinary hearing, Discipline Lieutenant Michael Parks, and the former warden of the Minnesota Correctional Facility at Stillwater, Michelle Smith. (Am. Compl. 5; *see also* First McComb Aff. ¶ 14.) Green has since moved for summary judgment on his procedural due process claim, again asserting that he was deprived of his property without a major disciplinary hearing and with no evidence of his guilt. (Doc. No. 28, Pl.'s Mot. for Summary J; Doc. No. 29, Pl.'s Mem. in Supp. of Mot. for Summary J.)

During the pendency of this lawsuit, and after Green filed his motion for summary judgment, the Minnesota Department of Corrections ("DOC") elected to grant Green a major hearing concerning the same disciplinary charges of arson and destruction of prison property. (*See* First McComb Aff. ¶ 15.) That new hearing was held on August 18, 2015, before Hearing Officer Brandon Carlson of the DOC's Hearings and Release Unit.

---

[2]     The Minnesota Department of Corrections employs one of two types of disciplinary hearings, minor hearings and major hearings, depending on the possible penalties. (First McComb Aff. ¶¶ 6–8 & Ex. B at 2.) Minor hearings are conducted by the discipline supervisor of the inmate's facility, while major hearings are held before an officer employed by the Department of Correction's Hearings and Release Unit. (First McComb Aff. ¶¶ 6–7 & Ex. B. at 2.) At both types of hearing, an inmate is entitled to advance written notice of the disciplinary charges against him, to participate in the hearing, and to present physical evidence and arguments in his defense. (First McComb Aff. ¶¶ 6–7 & Ex. B at 3–5.) Only at a major hearing, however, is an inmate entitled to a representative to assist in his defense, to present the testimony of witnesses who are willing to testify, and to cross-examine adverse witnesses. (First McComb Aff. ¶¶ 6–7 & Ex. B at 4–6.)

(Doc. No. 44, Second Aff. of Mary McComb ("Second McComb Aff.") ¶ 3 & Ex. A.) Green appeared at the major disciplinary hearing via video feed, waived his right to representation, and was given an opportunity to present his version of the events and speculate as to likely testimony of his former cellmate, who was no longer incarcerated and unavailable to testify. (*Id.*) After considering the testimony and other evidence submitted at the August 2015 hearing, including a surveillance video of the underlying incident, the hearing officer found Green guilty of arson and ordered him to pay $150 in restitution for prison property damaged in the fire. (*Id.*) Green appealed the hearing officer's decision to the current warden of the Minnesota Correctional Facility at Stillwater, who affirmed the hearing officer's decision on September 15, 2015. (Second McComb Aff. ¶ 4 & Ex. B.) For the reasons stated below, this Court finds that Green's procedural due process challenge to his March 2012 disciplinary hearing is now moot, as that hearing has since been superseded and Green has been afforded the major disciplinary hearing that he insists was constitutionally required before he could be ordered to pay restitution. This Court therefore recommends that this case, including Green's pending motion for summary judgment, be dismissed for lack of jurisdiction.

## DISCUSSION

Federal courts have an independent obligation to inquire into their jurisdiction whenever it appears to be lacking. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). Article III of the Constitution "limits the jurisdiction of federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quotation omitted). If, during the course of litigation, "the issues presented in a case lose

their life because of the passage of time or a change in circumstances and a federal court

can no longer grant effective relief, the case is considered moot" and must be dismissed

for lack of jurisdiction. *Id.* at 723–24 (quotation and ellipsis omitted); *see also Already,*

*LLC v. Nike, Inc.*, — U.S. —, 133 S. Ct. 721, 726 (2013) (explaining that "[n]o matter

how vehemently the parties continue to dispute the lawfulness of the conduct that

precipitated the lawsuit," a case becomes moot "when the issues presented are no longer

live or the parties lack a legally cognizable interest in the outcome") (quotation omitted).

Although Green seeks the return of his $150 and compensatory damages

stemming from the alleged procedural deprivations at his March 2012 disciplinary

hearing, the proper remedy for such a due process violation is a new hearing. *See Carey*

*v. Piphus*, 435 U.S. 247, 259 (1978) (explaining that because "[p]rocedural due process

rules are meant to protect persons not from the deprivation, but from the mistaken or

unjustified deprivation of life, liberty, or property," an award of monetary damages is not

warranted where the deprivation would have occurred "even if a proper hearing had been

held") (quotation omitted); *Dargis v. Sheahan*, 526 F.3d 981, 989–90 (7th Cir. 2008)

(holding that the proper remedy for a due process violation was a new hearing, not an

award of damages); *Shotwell v. Brandt*, No. 10-5232, 2012 WL 6569402, at *3 (N.D.

Cal. Dec. 17, 2012) ("[F]ederal due process . . . requires that violation of procedural due

process be corrected procedurally, not by reinstatement of the substantive right. That is,

the remedy for an unfair hearing is another hearing.").

Since the commencement of this lawsuit, Green has been afforded the major

disciplinary hearing that he claims was required to comport with his procedural due

process rights. Because Green has already received the only relief to which he might be entitled if his due process claim were successful, his claim is now moot. *See, e.g.*, *Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991) (holding that an alleged due process violation at a disciplinary hearing was cured when the prisoner was granted a rehearing); *Von Staich v. Curry*, 321 F. App'x 686, 687 (9th Cir. 2009) (due process claim moot where prisoner received a parole hearing during the pendency of the suit); *Horne v. Coughlin*, 155 F.3d 26, 31 (2d Cir. 1998) (challenged disciplinary hearing "became a nullity" where the prisoner was afforded a new hearing and "all the penalties" then suffered by the inmate resulted from the new hearing); *Mertins v. Maye*, No. 13-3001, 2015 WL 2365526, at *4 (D. Kan. May 18, 2015) (claims concerning a prison disciplinary hearing rendered moot when inmate was afforded a rehearing, which was "all of the relief he could have received"); *Kennedy v. Allera*, No. 07-2300, 2009 WL 2447494, at *2 (D. Md. Aug. 7, 2009) ("Because the only available remedy for any due process violation concerning Kennedy's 2007 hearing would be a new hearing, his Petition for a Writ of Habeas Corpus became moot when the Commission conducted a new hearing.").

Furthermore, this case does not fall within the capable-of-repetition-yet-evading-review exception to the mootness doctrine. That exception "applies only in exceptional situations" where "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration" and "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 423 U.S. 1, 17 (1998) (quotation and brackets omitted). To the extent Green believes that he was deprived of due process at the August 2015 disciplinary hearing which resulted in his

existing restitution order, "[t]here is nothing to preclude [Green] from filing a [new lawsuit] which challenges the conduct of [that hearing], on the specific facts of that [h]earing, and so, his complaints are capable of being fully adjudicated in a separate action."[3] *Jones v. Fed. Bureau of Prisons*, No. 09-1074, 2010 WL 3118679, at *6 (D. Minn. Feb. 8, 2010), *report and recommendation adopted in* 2010 WL 3118664 (D. Minn. Aug. 4, 2010). In other words, the restitution order imposed following the August 2015 hearing is not "by its very nature short in duration, so that it could not, or probably would not, be able to be adjudicated while fully alive." *See Hickman v. State of Mo.*, 144 F.3d 1141, 1143 (8th Cir. 1998). Additionally, this Court cannot presume that there is a reasonable expectation that Green will, in the future, be subjected to another prison disciplinary hearing where his due process might be violated. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (explaining that "a mere physical or theoretical possibility" of recurrence is not enough; instead, there "must be a reasonable expectation or a

---

[3]       In his response to the defendants' memorandum opposing summary judgment, Green alleges that his August 2015 major disciplinary hearing was itself constitutionally deficient as the "hearing officers violated law/policy repeatedly, with no evidence of guilty, 3 years after the fact." (Doc. No. 45, Pl.'s Resp. at 2.) The adequacy of the August 2015 hearing, however, is not properly before this Court because the operative complaint underlying this case is solely directed at the earlier March 2012 hearing. In order to challenge his most recent disciplinary hearing, Green must file a new lawsuit directed at that specific hearing. *See Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *Jones*, 2010 WL 3118679, at *9 (concluding that a challenge to rehearing proceedings was "not properly before the Court on the instant Petition," which was directed at an earlier disciplinary hearing); *Farahani v. Floria*, No. 12-CV-04637, 2013 WL 1703384, at *11–12 (N.D. Cal. Apr. 19, 2013) (noting that claims not included in an underlying complaint are "not properly before the Court").

demonstrated probability that the same controversy will recur involving the same complaining party") (quotation omitted). The capable-of-repetition-yet-evading-review exception does not apply in this case and Green cannot continue to litigate the due process claim alleged in his amended complaint because his March 2012 hearing has, for all intents and purposes, become a nullity. *See Griffin v. Fairman*, 770 F. Supp. 1271, 1277 (N.D. Ill. 1991) ("Whatever claims he had after the June 10 hearing became irrelevant once the Board . . . ordered a new hearing.").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action, including Green's pending motion for summary judgment (Doc. No. 28), be **DISMISSED AS MOOT**.

Date: October 9, 2015

s/ Becky R. Thorson
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by **October 26, 2015**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).