# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brett Thomas Green, | Civ. No. 14-0857 (ADM/BRT) |
| Plaintiff, | |
| v. | |
| Hearing Officer Michael Parks, and Warden Michelle Smith, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Brett Thomas Green, MCF-Rush City, 7600 525th St., Rush City, MN 55069, *pro se* Plaintiff.

Margaret E. Jacot, Esq., Minnesota Attorney General's Office, counsel for Defendants.

Minnesota prisoner Brett Thomas Green commenced this 42 U.S.C. § 1983 action back in March 2014, claiming that his due process and Eighth Amendment rights were violated in connection with a fire that ignited in his prison cell and the ensuing disciplinary proceedings, where he was found guilty of arson, sentenced to 120 days of disciplinary segregation, and ordered to pay $150 in restitution for property damage. (*See* Doc. No. 1, Compl.; Doc. No. 9, Am. Compl.) All but one of Green's constitutional claims were dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a viable claim for relief, and his remaining due process challenge to his March 2012 prison disciplinary hearing was dismissed as moot after he received a new hearing on the same underlying

charges of arson and destruction of prison property. (*See* Doc. Nos. 24, 26, 48, 49.) Final judgment in the case was entered on November 2, 2015. (Doc. No. 50.)

On December 4, 2015, over a month later, Green filed his present motion for injunctive relief, seeking his return to the Minnesota Correctional Facility ("MCF") at Rush City based on his allegedly illegal transfer to MCF-Stillwater on November 20, 2015. (Doc. No. 51, Pl.'s Mot. for Injunctive Relief.) Green claims that the transfer unlawfully interfered with his "ongoing legal pursuits" against MCF-Stillwater staff and has resulted in the denial of his personal property, which he has yet to receive following the transfer. (*Id.*)

This Court recommends that Green's motion for injunctive relief be denied, as the claims asserted in this lawsuit have already been dismissed and the injuries alleged in the motion are otherwise unrelated to those claims. The purpose of an injunction is "to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future unless enjoined, may fairly be anticipated from the defendant's conduct in the past." *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435 (1941). For that reason, injunctive relief may not be granted on "matter[s] lying wholly outside the issues in the suit," *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945), nor may a permanent injunction issue when the claims raised in the underlying complaint have been dismissed, *Associacao Dos Industriais de Cordoaria E Redes v. United States*, 828 F. Supp. 978, 987 (Ct. Int'l Trade 1993). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (explaining that a request for injunctive relief may not be "based on new assertions of mistreatment that are entirely

different from the claim[s] raised and the relief requested" in the underlying complaint in the lawsuit); 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2941 at 34 (3d ed. 2013) (explaining that "[a] permanent injunction will issue only after a right thereto has been established at a trial on the merits" and, thus, is "properly denied when the main claim has been dismissed").

Not only has Green failed to succeed on the merits of the constitutional claims asserted in this lawsuit, but his motion for injunctive relief is improperly based on "new assertions of mistreatment that are entirely different from the claim[s] raised and the relief requested" in his underlying complaint, which concerned his March 2012 disciplinary conviction for setting a fire in his prison cell. *See Devose*, 42 F.3d at 471. Indeed, the very action that Green complains of in his motion for injunctive relief—his November 20, 2015 transfer to MCF-Stillwater—postdates the final judgment entered in this case. While Green's "new assertions" regarding his allegedly illegal transfer "might support additional claims" against state prison officials in a separate lawsuit, "they cannot provide the basis for [an] injunction in this lawsuit." *Id.* Moreover, to allow Green to pursue new claims in this suit through a motion for injunctive relief would contravene both the letter and spirit of the Prison Litigation Reform Act ("PLRA"), which in an effort to deter frivolous and abusive prison lawsuits, requires a prisoner who "brings a civil action or files an appeal . . . to pay the full amount of [the] filing fee." 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). If prisoners were permitted to pursue what, in effect, is a new civil action by asserting unrelated claims in a post-judgment motion for injunctive relief, then the purpose of the PLRA's filing fee

requirement—to "force prisoners to think twice about the case and not just file reflexively"—would be significantly thwarted. *See Bruce v. Samuels*, — U.S. —, No. 14-844, 2016 WL 112684, at *4–5 (Jan. 12, 2016) (interpreting the PLRA's provisions to comport with "the statutory objective of containing prisoner litigation" by "forc[ing] prisoners to think twice about the case and not just file reflexively") (quotation omitted); *cf. In re Tyler*, 110 F.3d at 529 ("[A]llowing prisoners to circumvent the PLRA merely by labeling their pleadings as mandamus petitions would create a loophole Congress surely did not intend in its stated goal of discouraging frivolous and abusive prison lawsuits.") (quotation omitted). For these reasons, this Court recommends that Green's motion for injunctive relief be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Brett Thomas Green's Motion for Injunctive Relief (Doc. No. 51) be **DENIED**.

Date: January 28, 2016

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by **February 15, 2016**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).